IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN W. EWING in his capacity as ) <br> DOUGLAS COUNTY TREASURER, ) <br> SI 9, LLC, ) <br> CAPITAL ONE BANK, ) <br> ASSET ACCEPTANCE, LLC, ) <br> DEBT SOLUTIONS, INC., ) <br> JAMES J. SHOTKOSKI, and ) <br> DENISE R. SHOTKOSKI, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 8:14-cv-00218-LES-FG3 |

**ORDER OF SALE**

This Court entered a final judgment in this action on October 27, 2015 (Docket Entry No. 28), in favor of Plaintiff, the United States, and against Defendants, James J. Shotkoski and Denise R. Shotkoski, for unpaid federal income tax liabilities in the amount of $262,469.13 (plus interest and statutory additions accruing after September 3, 2015) for tax years 1993-1995, 2000, 2001, 2003-2005, and 2007-2009. The judgment also ordered that the federal tax liens associated with those liabilities be enforced with a judicial sale of the land, along with all improvements, buildings, and appurtenances at the property commonly known as 6813 N. 122nd Court, Omaha, NE 68142 (the "Property"), and more fully described as follows:

> Unit 10, Building 3, Deer Creek Condominium, a Condominium organized under the Laws of the State of Nebraska pursuant to Declaration filed September 8, 2005, at Instrument No. 2005112084, of the Records of Douglas County, Nebraska.

The Property was conveyed to James J. Shotkoski and Denise R. Shotkoski as joint tenants with rights of survivorship by a corporation survivorship warranty deed signed on April 9, 2008 and recorded on April 16, 2008 at the Register of Deeds of Douglas County, Nebraska as instrument number 2008036944.

The Court now ORDERS that the Property be sold, pursuant to 26 U.S.C. § 7403(c) and 28 U.S.C. §§ 2001 and 2002, in order to collect the unpaid federal tax liabilities as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS") is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are set forth below.

    a. The sale of the Property shall be by public auction to the highest bidder, free and clear of all rights, titles, claims, liens, and interests of all parties to this action, including Plaintiff, the United States, and Defendants John Ewing (in his capacity as Treasurer of Douglas County, Nebraska); SI 9, LLC; Capital One Bank; Asset Acceptance, LLC; Debt Solutions, Inc.; James J. Shotkoski; and Denise R. Shotkoski, and any successors in interest or transferees of those parties.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements, restrictions, and reservations of record, if any.

    c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises.

    d. The PALS shall announce the date and time for sale. The IRS, PALS, and their representatives shall be permitted to enter the Property with prospective buyers in order to allow prospective buyers to inspect the interior and exterior of the

Property at such times as the IRS or PALS shall determine are reasonable and convenient.

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Douglas County, Nebraska, and, at the discretion of the PALS, by any other notice or advertisement that the PALS deems appropriate. The notice of the sale shall contain a description of the Property and shall contain the material terms and conditions of sale set forth in this order of sale.

f. The Property shall be offered for sale "as is," with all faults and without any warranties either express or implied, and the sale shall be made without any right of redemption.

g. The PALS shall set, and may adjust, the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and adjust the minimum bid.

h. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order, certified check, or cashier's check made payable to the Clerk of the United States District Court for the District of Nebraska, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published notice of sale. The money order or certified or cashier's check shall be deposited with the Clerk of this Court. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s)

13352785.1

who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale.

i.  The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The money order, certified check, or cashier's check shall be made payable to the Clerk of the United States District Court for the District of Nebraska and shall be given to the PALS, who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the sale shall be treated as null and void, and the deposit shall be forfeited as damages and applied to cover the expenses of the sale, with any amount remaining applied to the judgment for the federal tax liabilities entered in this case. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder. The successful bidder(s) at the new sale or second highest bidder, as the case may be, shall receive the Property free and clear of all rights, titles, claims, liens, and interests of the defaulting bidder(s).

j.  The Clerk of the Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution as provided for herein or pursuant to further order of this Court.

k.  The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, ownership and possession of the Property shall transfer to the successful bidder(s), and all interests in, liens against, and titles and claims

13352785.1

to, the Property that are held or asserted by the parties to this action are discharged and extinguished.

  l. After the confirmation of the sale, the IRS shall execute and deliver a deed under the authority of this Court conveying the Property, effective as of the date of the confirmation of the sale, to the successful bidder(s). Also, after this Court confirms the sale, and on receipt of the deed from the successful bidder, the Register of Deeds of Douglas County, Nebraska shall cause the transfer of the Property to be reflected upon that county's register of title. The successful bidder(s) shall pay, in addition to the amount of the bid, any county or local documentary stamps and registry fees as provided by law.

3. Up until the date that this Court confirms the sale of the Property, James J. Shotkoski and Denise R. Shotkoski shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. James J. Shotkoski, Denise R. Shotkoski, and all occupants of the Property shall neither commit waste against the Property nor cause or permit anyone else to do so. Neither shall any of the defendants in this case do anything that tends to reduce the value or marketability of the Property, nor cause or permit anyone else to do so. Defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making Internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so. If the Property is destroyed before its

5

13352785.1

sale and James J. Shotkoski and/or Denise R. Shotkoski is entitled to insurance proceeds, the insurance proceeds shall be paid into the registry of this Court. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

4. All persons occupying the Property shall vacate the Property permanently within 45 days of the date of this order of sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this order of sale, the PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected or excluded. The U.S. Marshals Service is authorized to and directed to take any and all necessary actions, including the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, the buildings, vehicles, and any structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with the execution of this Order.

5. Any personal property remaining on the Property 45 days after the date of this order of sale is deemed forfeited and abandoned, and the PALS is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the costs and expenses of sale, and the balance shall be paid into the Court for further distribution. Money orders and checks for the purchase of the personal property shall be made payable to the Clerk of the United States District Court for the District of Nebraska, and the Clerk of the Court is directed to accept cash and checks and

6

13352785.1

deposit such items into the Court's registry for distribution pursuant to further order of this Court. This order of sale shall also serve as a Writ of Assistance or Writ of Possession, as appropriate, and no further order from the Court shall be required for these purposes.

6. No later than two business days after vacating the Property pursuant to the deadline set forth in paragraph 4 above, James J. Shotkoski and Denise R. Shotkoski shall provide counsel for the United States with a forwarding address where they can be reached. They shall provide the address by contacting the U.S. Department of Justice Tax Division's trial attorney at (202) 616-1882.

7. Up until the date that this Court confirms the sale of the Property, the IRS, PALS, and their representatives are authorized to have free and full access to the Property in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

8. After the Court confirms the sale of the Property, the sale proceeds deposited with the Clerk of this Court should be distributed in the following order of priority:

   a. First, to the PALS, and payable to the "United States Treasury," for the costs and expenses of the sale, including any costs and expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

   b. Second, to the Douglas County Treasurer for unpaid delinquent real property taxes on the Property for tax years 2013, 2014, and any delinquent or due and payable taxes for subsequent tax years for which the County has a lien by virtue

13352785.1

of Neb. Rev. Stat. § 77-203 by the time the sale is confirmed, including interest under Neb Rev. Stat. §§ 45-104.01 and 77-207;

 c. Third, to SI 9, LLC ("SI 9"), to satisfy or partially satisfy its lien against the Property as a result of its purchase of tax sale certificate No. 14-03163 for delinquent real property taxes for tax year 2012. As of October 16, 2015, the amount of SI 9's lien against the Property was $6,150.73, which includes the $5,001.20 that SI 9 paid to the Douglas County Treasurer for the tax sale certificate and statutory interest calculated up to and including October 16, 2015. Interest continues to accrue on SI 9's interest under Neb. Rev. Stat. §§ 45-104.01 and 77-207;

 d. Fourth, to the United States, payable to the "U.S. Department of Justice" (and sent to the Tax Division, FLU Unit, USDOJ, P.O. Box 310, Ben Franklin Station, Washington, D.C. 20044) for application to the unpaid federal income tax liabilities of Defendants James J. Shotkoski and Denise R. Shotkoski for tax years 1993-1995, 2000, 2001, 2003-2005, and 2007-2009, including all accrued statutory additions (including interest and any penalties);

 e. Any remaining sale proceeds shall be held in the Court's registry pending further order of the Court.

9. After this Court confirms the sale of the Property, neither James J. Shotkoski nor Denise R. Shotkoski will retain any right to redeem the Property under applicable federal or state law.

10. Further, after this Court confirms the sale of the Property, SI 9 will not retain any lien against or interest in the Property by virtue of tax sale certificate No. 14-03163 or any

13352785.1

right under state law attributable to tax sale certificate No. 14-03163, including the right to apply for a deed to the Property under Neb. Rev. Stat. § 77-1837 and to initiate a foreclosure suit under Neb. Rev. Stat. § 77-1902.

DATED this 30th day of November, 2015.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court

**Agreed as to form and substance:**

/s/ Timothy K. Dolan                    Date: November 24, 2015
TIMOTHY K. DOLAN, #20978
Deputy Douglas County Attorney
909 Civic Center
1819 Farnam Street
Omaha, Nebraska 68183
Telephone: (402) 444-7622
Fax: (402) 444-6817
tim.dolan@douglascounty-ne.gov
Attorney for John W. Ewing in his capacity
as Douglas County Treasurer


/s/ Sherra Wong                         Date: November 25, 2015
SHERRA WONG, NY #4894895
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C. 20044
Telephone: (202) 616-1882
Fax: (202) 514-6770
sherra.t.wong@usdoj.gov
*Attorney for the United States*

13352785.1

**Statement of Agreement by SI 9, LLC:**

I, Helen Knosp, am the sole owner and registered agent of SI 9, LLC ("SI 9"), a Nebraska limited liability company. I admit that SI 9 waived service of the summons and complaint in this case, but did not answer or otherwise respond to the complaint. I agree to the entry of the proposed Order of Sale above.

In the event that the United States sells the Property under the terms of this order, I agree that the Property may be sold free and clear of any interest that SI 9 may currently hold in the Property. If the Court confirms a sale of the Property held pursuant to this order, SI 9 will not retain any interest in or lien against the Property, or the right to apply for a deed to the Property under Neb. Rev. Stat. § 77-1837 or to initiate a foreclosure suit under Neb. Rev. Stat. § 77-1902.

Date: _____

_____
HELEN KNOSP
Registered Agent and Owner
SI 9, LLC
1258 Glenwood Court
Fremont, NE 68025
Telephone: (402) 459-1150
helenknosp@outlook.com